Sᴍɪᴛʜ *against* Wᴇsᴛ.

After a cause had been regularly set down for a hearing, on the bill and an- *June* 9.
swer, the plaintiff was allowed to file a replication, on payment of costs.

THIS cause was set down for hearing, in *September* last, by the plaintiff, on bill and answer, but he did not bring it on. The defendant, accordingly, in *May* last, entered an order, and gave notice that he be at liberty to bring the cause to a hearing, at this time ; upon receiving the notice, the plaintiff filed a replication, and put the cause at issue.

*Griffin*, for the defendant, now moved to set aside the replication, with costs ; and that the defendant have leave to bring the cause to a hearing, on the bill and answer.

*Caines, contra.* He read an affidavit of the plaintiff's solicitor, stating facts, which showed that it was necessary for the plaintiff's rights, to take proof in the cause, and explaining why it was before omitted.

Tʜᴇ Cʜᴀɴᴄᴇʟʟᴏʀ. Under the circumstances of this case, the motion cannot be granted. There are, no doubt, frequent instances in which the court has allowed the plaintiff to reply, after the cause had been set down for hearing, on bill and answer. It is a matter resting in discretion. In some cases the plaintiff has been permitted to reply, after having gone to a hearing, on payment of costs. (*Wyatt's P. R.* 375. *Donegall* v. *Warr,* 1 *Eq. Cas. Abr.* 43 pl. 4.) I shall, therefore, deny the motion, on condition that the plaintiff, within four days, pay the defendant's costs arising from the cause being set down for

1818.        hearing in *September* last, and from the proceedings on the
             part of the defendant, in *May* last.   No costs of the pres-
Consequa     ent motion to be allowed on either side.
v.
Fanning.                                            Order accordingly

CONSEQUA against FANNING and others.

*June* 12.  Where a decretal order of reference to a Master, to take an account, was made
            in *September*, 1817, and in *January* 1818, the Master, after hearing both
            parties, made his *report*, and in *June* following, the defendant petitioned for
            a *rehearing* on grounds affecting the merits of the decretal order; the
            court, though the party was not entitled to a rehearing, as of course, on ac-
            count of the delay in making the application, granted the petition, on the
            defendants paying all the costs of reference, under the order, and depositing
            *fifty dollars*, with the Register, towards the expenses of the rehearing, in
            case the decree should not be materially altered.

            On a petition for a *rehearing*, the party applying must deposit *fifty* dollars
            with the Register, towards the costs of the rehearing, in case the decree
            should not be materially varied:

PETITION by the defendants for a rehearing, con-
ceiving themselves aggrieved by the decretal order of the
30th of *September* last; 1. Because a *general account* was
not decreed, but only specifically; (setting forth the spe-
cific directions contained in the decretal order, which
was very particular as to the mode of taking the ac-
count.) 2. Because the decree limits the charges, to be
made by the defendant, to *remittances* and *payments*, appli-
cable to the matters charged, whereby matters of *account*,
to a large amount, viz. 86,000 dollars, were excluded :
3. Because the defendants are charged with a note given
by *Obed Chase* to the plaintiffs, for 35,700 dollars and 50
cents, or with goods sold by the plaintiffs to them for that
amount, whereas, by the pleadings and proofs, they are
not fully chargeable with that sum, in either shape, but
ought only to be charged as for *goods consigned ;* and in